# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| O2 MEDIA, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 15-CV-05129 |
| NARRATIVE SCIENCE INC. | ) ) | Judge John J. Tharp, Jr. |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

After prevailing on a motion to dismiss this patent infringement suit, Narrative Science Inc. has moved for attorney's fees under 35 U.S.C. § 285. For the reasons further described below, the Court finds that this case is not exceptional as required by the statute. Therefore, the motion for attorney's fees is denied.

## BACKGROUND

In 2015, O2 Media, LLC sued Narrative Science, Inc., claiming Narrative Science was infringing three business method patents that described "a computer-assisted process of generating financial reports and news stories relating to selected data." *O2 Media, LLC v. Narrative Sci. Inc.*, 149 F. Supp. 3d 984, 986 (N.D. Ill. 2016). Narrative Science moved to dismiss under Fed. R. Civ. P. 12(b)(6), which this Court granted after finding O2 Media's patents invalid under *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014). *See O2 Media,* 149 F. Supp. 3d at 999. O2 Media did not appeal the finding of invalidity. This motion for attorney's fees followed.

## DISCUSSION

The statute governing attorney's fees in patent cases simply states that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285.

There is no doubt that Narrative Science is the prevailing party, so the question is whether this case is "exceptional." In 2014, the Supreme Court explained that "an exceptional case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated" considering the totality of the circumstances. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). Although there is no precise rule, factors to be considered may include the case's "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756 n. 6. The movant need only establish a case is exceptional by a preponderance of the evidence. *Id*. at 1758.

Although some courts have considered the pursuit of a computer-assisted patent after *Alice* to be "objectively baseless," *see, e.g., Gust, Inc. v. AlphaCap Ventures, LLC*, No. 15CV6192 (DLC), 2016 WL 7165983, at *5 (S.D.N.Y. Dec. 8, 2016), the Court finds that this suit was not frivolous. O2 Media presented five potential "innovative concepts" that might save the validity of the patents even if they were otherwise abstract under *Alice*. Although none of these concepts persuaded the Court that O2 Media's claimed inventions were patentable, the Court agrees with O2 Media that *Alice* did not require the plaintiff to give up any hope of enforcing patents previously granted by the Patent Office pursuant to its standard procedures. *See Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prod., Inc.*, 790 F.3d 1369, 1373 (Fed. Cir. 2015) ("fee awards are not to be used as a penalty for failure to win a patent infringement suit"); *Source Search Techs., LLC v. Kayak Software Corp.*, No. 11-3388(NLH/KMW), 2016 WL 1259961, at

*7 (D.N.J. Mar. 31, 2016), *appeal dismissed* (June 8, 2016) ("this does not mean that SST had an affirmative duty to immediately drop their case once the Supreme Court decided *Alice*").

Narrative Science argues that O2 Media failed to conduct a reasonable pre-suit investigation because "[f]rom the beginning, it was clear O2 Media did not understand how Quill works." Mot. at 6, ECF No. 34. Narrative Science relatedly argues that O2 Media's suit was frivolous because the Quill product clearly does not infringe the patents. But these arguments are misplaced; this Court never reached the issue of infringement and declines to make unnecessary findings on an under-developed record for the purposes of attorney's fees. *See Gaymar Indus. v. Cincinnati Sub-Zero Prods.*, No. 08-CV-00299-WMS-JJM, 2016 U.S. Dist. LEXIS 111903, at *5-6 (W.D.N.Y. Aug. 19, 2016) ("[F]or a case dismissed before trial to be designated exceptional, evidence of the frivolity of the claims must be reasonably clear without requiring a 'mini-trial' on the merits for attorneys' fees purposes.").[1]

Narrative Science also suggests that O2 Media must have had an improper motive because it requested $1.25 million in licensing fees. *See* Mot. at 4. The mere fact that the plaintiff placed a large valuation on its patents, however, does not mean that it was attempting to troll for

---

[1] In any event, Narrative Science's argument for attorney's fees based on infringement depends largely on its view that O2 Media failed to take advantage of an offered in-person demonstration, instead relying on publicly available documentation. However, this seems to have been a matter of misunderstanding: Narrative Science's counsel offered "an in-person meeting to discuss the technology and IP issues" while O2 Media suggested Narrative Science send a copy of the code or any in-depth information on how Quill works (generally or with an "Attorney's Eyes Only" protective order). *See* Ex. 4, ECF No. 34-4. Both parties later characterized these communications as requests for a demonstration, which would have allegedly demonstrated that Quill did not infringe the patents. This strikes the Court as a simple failure of communication, in which both parties misunderstood the offer made by the other side. O2 Media did attempt to conduct a pre-suit investigation and obtain the information it believed was relevant for its analysis, although not in the fashion Narrative Science would have preferred. *Compare Snap-on Inc. v. Robert Bosch, LLC*, No. 09 CV 6914, 2016 WL 1697759, at *3 (N.D. Ill. Apr. 28, 2016), *appeal dismissed* (Aug. 3, 2016) ("this is not type of "exceptional" case where the patentee failed to obtain or analyze the accused product").

settlements or otherwise improperly extract value from Narrative Science. *See Garfum.com Corp. v. Reflections By Ruth d/b/a Bytephoto.com*, No. CV 14-5919 (JBS/KMW), 2016 WL 1242762, at *7 (D.N.J. Mar. 30, 2016) (high settlement demand not unreasonable because such demands are "starting positions for negotiation"). O2 Media had never filed suits based on these patents before, and did so against only one defendant. *See* Pl.'s Resp. at 11-12. *Compare Gust, Inc.,* 2016 WL 4098544, at *2 ("This was one of ten essentially identical actions that AlphaCap filed on the same day in the Eastern District of Texas against every major entity that provides internet crowdfunding services."). This behavior does not suggest a broad-ranging campaign to improperly extract settlements.

Finally, Narrative Science makes much of the fact that O2 Media did not appeal "any aspect of this Court's ruling," using this fact to suggest that the plaintiff's claims were exceptionally weak. *See* Mot. at 6. To the contrary, the fact that O2 Media accepted this Court's ruling without attempting to impose frivolous costs with further motions suggests that its conduct was **reasonable**. *See Douglas Dynamics, LLC v. Buyers Prods. Co.*, 76 F. Supp. 3d 806, 825 (W.D. Wis. 2014) ("The mere fact that Buyers chose not to appeal the infringement findings with respect to those two patents, electing instead to redesign its assembly, is not enough to render this case exceptional."). O2 Media attempted to enforce its patents, which it notes were entitled to a presumption of validity, and accepted this Court's rulings once it found the patents were invalid. Although perhaps this litigation could have been avoided with better communication between the parties, the Court finds no reason to brand O2 Media's litigation behavior as deserving disapprobation. O2 Media owned a presumptively valid patent. It sought to enforce that patent. It lost. The only thing exceptional about this course of conduct is that O2 Media

4

stopped fighting sooner than it had to. The Court therefore concludes that Narrative Science is not entitled to attorney's fees.

Dated: January 3, 2017

John J. Tharp, Jr.
United States District Judge